IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BILLY CLIFTON STEWART,
    Plaintiff,

vs.                                                  Case No.: 5:08cv280/RS/EMT

ERIC J. SMITH,
    Defendant.
_____/

## **ORDER**

       Plaintiff, a non-prisoner proceeding pro se, initiated this action on September 9, 2008, by filing a civil rights complaint (Doc. 1). Before the matter of the filing fee was resolved Plaintiff filed a First Amended Complaint (Doc. 9) and a Second Amended Complaint (Doc. 13).[1] Leave to proceed in forma pauperis was subsequently granted (Doc. 18), and this matter is now before the court upon referral by the clerk of this court.

       On May 22, 2009, the clerk received four separate civil rights complaints submitted by Plaintiff, which appear to have been submitted by Plaintiff in an effort to amend his Second Amended Complaint (Doc. 13). Initially, Plaintiff failed to submit any of the four complaints on the court-approved form. Therefore, they shall not be considered by this court. *See* N.D. Fla. Loc. R. 5.1(J) (providing that a civil rights action commenced by a pro se litigant shall not be considered by the court unless the appropriate complaint form has been properly completed, signed, and filed by the litigant). Moreover, Plaintiff has amended his complaint twice, so he is not entitled to amend the complaint again "as a matter of course" since he has already availed himself of this opportunity. *See* Fed. R. Civ. P. 15(a)(1, 2). Thus, to the extent Plaintiff intended that any or all of the four civil rights complaints be considered a third amended complaint, Plaintiff has not sought or obtained leave to file a third amended complaint. Furthermore, Plaintiff is advised that he cannot

---

[1]The court has not yet performed its duty under 28 U.S.C. § 1915(e)(2) to review Plaintiff's second amended complaint to identify cognizable claims or recommend dismissal of the complaint if it is determined that this action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant who is immune from relief.

simultaneously file separate complaints in one action. All of Plaintiff's claims must be contained in <u>one</u> complaint, and all Defendants Plaintiff seeks to sue must be named in the same complaint. Finally, the court notes each of the four complaints names different Defendants. Plaintiff is advised that persons cannot be joined in one action as Defendants unless Plaintiff's claims against them arise out of the same transaction, occurrence, or series of transactions or occurrences **and** the claims share a common question of law or fact. *See* Section 1983 complaint form, Section V; Fed. R. Civ. P. 20. Thus, the clerk will be directed to return the four civil rights complaints to Plaintiff without electronic filing, and Plaintiff will be required to file a third amended complaint on the court-approved form.

In filing his third amended complaint, Plaintiff must comply with the instructions set forth in this order. First, the complaint must be submitted on the court-approved form that will be provided to him by the clerk. <u>The court will not consider Plaintiff's third amended complaint unless it is submitted on the court-approved form</u>.

Second, the four complaints being returned to Plaintiff total approximately eighty-six pages in length. Rule 8(a) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff should state his allegations as simply and concisely as possible, and facts that are extraneous to his claims should be excluded. Additionally, Plaintiff shall not include endnotes or footnotes in his complaint.

Third, Plaintiff should not submit exhibits with the third amended complaint because the submission of exhibits is unnecessary at this time, and he should not rely on other documents to explain his allegations or to state his claims. He should use the complaint form to completely set out the facts. Plaintiff will be advised when, prior to trial or in conjunction with a motion for summary judgment, the submission of evidence in support of his claim is appropriate. Plaintiff is advised that a continued failure to cure defects in pleading requirements as required by Rule 8(a) may result in the dismissal of the case. *See* <u>Salahuddin v. Cuomo</u>, 861 F.2d 40, 42 (2d Cir. 1988); <u>Prezzi v. Schelter</u>, 469 F.2d 691, 692 (2d Cir. 1972).

Fourth, Plaintiff should allow sufficient time for the court to screen the third amended complaint before filing additional pleadings. If the complaint is deemed sufficient to alert Defendants to the nature and basis of Plaintiff's claims, Plaintiff will be directed to submit an appropriate number of service copies for service upon the named Defendants. If the complaint is deemed insufficient, Plaintiff will be so advised. Plaintiff, however, should be mindful that this court has a significant number of cases awaiting review, and his amended complaint will be considered in the order it is received.

In filing an amended complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "**Third Amended Complaint**." Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place Defendants' names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form. In the statement of facts, Plaintiff should clearly, but concisely describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from the complaint. In the section titled "Statement of Claims," Plaintiff must state what rights or statutes he contends have been violated, and he must provide support in the statement of facts for the claimed violations. Plaintiff is advised that the amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded. Local Rule 15.1, Northern District of Florida.

Accordingly, it is **ORDERED**:

1. The clerk is directed to return to Plaintiff, without electronic filing, the four civil rights complaints received on May 22, 2009.

2. The clerk is also directed to forward to Plaintiff a civil rights complaint form for use in non-prisoner actions under 42 U.S.C. § 1983. This case number shall be written on the form.

3. Plaintiff shall have **THIRTY (30) DAYS** from the date of docketing of this order in which to file an amended civil rights complaint, which shall be typed or clearly written, submitted on the court form, and marked "Third Amended Complaint."

4. Failure to submit an amended complaint as instructed in this order will result in a recommendation of dismissal of this action.

**DONE AND ORDERED** this 29th day of May 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

Case Number: 5:08cv280/RS/EMT